767 F.2d 919
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
BUCKEYE UNION INSURANCE CO., PLAINTIFF-APPELLANT,
v.
UNION CHAIN DIVISION OF LITTON SYSTEMS, INC., DEFENDANT-APPELLEE.
 NO. 84-3549
 United States Court of Appeals, Sixth Circuit.
 6/10/85
 
 N.D.Ohio
 AFFIRMED
 On Appeal From The United States District Court for the Northern District of Ohio
 BEFORE: KEITH and MARTIN, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 This is an appeal by the plaintiff, Buckeye Union Insurance Company, from a June 14, 1984 opinion and order entered by the United States District Court for the Northern District of Ohio granting summary judgment in favor of the defendant, Union Chain Division of Litton Systems, Inc. For the reasons stated below, we affirm.
 
 
 2
 This suit arose from a 1978 work place injury suffered by a Union Chain employee, Mr. Lester Dahm, when a 2,000 pound conveyor table fell upon him. This conveyor table was built by Sandusky Fabricating & Sales Company, Inc., the insured of appellant, Buckeye Union Insurance Company. After having applied for and received workers' compensation benefits, Mr. Dahm filed suit against Sandusky Fabricating alleging inter alia that the table was negligently designed. Buckeye Insurance settled the suit on behalf of its insured by paying Dahm some $250,000.
 
 
 3
 Subsequently, Buckeye Insurance, as subrogor of a third party tortfeasor, filed the instant action in state court against the employer, Union Chain, seeking indemnity from or contribution for the settlement negotiated on behalf of its insured. Union Chain removed this case to federal court and moved for summary judgment contending that both the Ohio Constitution and the Ohio workers' compensation statute relieved it from liability to anyone for damages suffered by an employee from a work place injury. See Ohio Const. art II, Sec. 35; Ohio Rev. Code Ann. Sec. 4123.74.
 
 
 4
 In an unpublished opinion and order, the district court granted Union Chain's motion for summary judgment. Buckeye Union Insurance Company v. Union Chain Division, Litton Systems, Inc., No. C84-7093 (N.D. Ohio Jun. 14, 1984). In its opinion the district court determined that Buckeye Insurance had not established any right to indemnity and that contribution was unavailable as a matter of Ohio law. Id. at 2. We agree.
 
 
 5
 In Schwierking v. Sun Petroleum Products Co., No. L84-250, slip. op. at 11-12 (Lucas Co. Ct. App. Jan. 20, 1984) an intermediate state appellate court addressed the interaction between the contribution among tortfeasors statute, Ohio Rev. Code Ann. Sec. 2307.31, and the workers' compensation immunity statute, Ohio Rev. Code Ann. Sec. 4123.74, as follows:
 
 
 6
 The legislature has imposed absolute liability on an employer without regard to fault in return for the employee's speedy recovery of fixed, but limited benefits for injuries suffered during the course of employment. [Cite omitted]. To extend an employer's liability beyond the scope of the workers' compensation laws under the guise of contribution in favor of a joint tortfeasor would be perverting the act clearly beyond its legislative purpose. [Cite omitted].
 
 
 7
 We recognize that there exists a minority of jurisdictions which permit a third-party tortfeasor to implead an employer based on a contribution theory. We, however, adopt the general rule, and hold that an employer may not be impleaded by a third-party tortfeasor on a theory of contribution for an employee's injuries as the workers' compensation laws of this state provide immunity to an employer for such actions.
 
 
 8
 We are persuaded that the Lucas County Court of Appeals has accurately stated the law of Ohio on this issue.
 
 
 9
 Accordingly, the judgment of the Honorable John W. Potter is hereby affirmed.